# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**DAVID A. RANDALL and KERRY S. RANDALL,**<br><br>　　Debtors. | Case No. 25-40053-NGH<br><br>Chapter 13 |
| **KERRY S. RANDALL,**<br><br>　　Plaintiff,<br><br>v.<br><br>**PAUL WHEELER**<br>**SANGER FINANCIAL LLC,**<br><br>　　Defendants. | Adv. No. 25-8009-NGH |

## MEMORANDUM OF DECISION

　　Plaintiff Kerry Randall ("Plaintiff") filed this adversary proceeding to determine the validity, priority, and extent of several liens against her residence (the "Property"). The central issue before the Court is whether an addendum to a promissory note, signed only by Plaintiff's spouse and imposing an $89,700 penalty, is secured by a lien on Plaintiff's community real property when Plaintiff did not sign the addendum or consent to its terms.

MEMORANDUM OF DECISION - 1

Defendant Paul Wheeler ("Defendant") answered and participated in trial. Defendant Sanger Financial LLC failed to appear in the case at all, and the Court previously entered a default judgment against Sanger regarding two separate loans. Doc. No. 10. After holding a trial on September 18, 2025, and considering the evidence and the parties' arguments, the Court finds that the addendum does not create a valid lien on the Property under Idaho law.

**BACKGROUND**

Plaintiff and David Randall (collectively "Debtors") have been married since 1975 and purchased the Property in 1996. The Property is subject to a first-position deed of trust, which secures the outstanding balance of the mortgage.

Debtors obtained a loan from Defendant through a broker, Mark Weber. After Defendant wired the loan funds to a title company assisting with the transaction, Debtors executed a promissory note on October 1, 2021, in the principal amount of $91,357.75, due December 30, 2021.[1] Ex. 100. Debtors also executed and recorded a deed of trust that same day. Ex. 101.

> According to its terms, the deed of trust secures the following:
>
> > (1) payment of the indebtedness evidenced by a promissory note of even date herewith, in the principal sum of $91,357.75 . . . made by Trustor, payable to the order of Beneficiary as set out in the Trust Deed Note; (2) the performance of each agreement of Trustor contained in this agreement; (3) the payment of such additional loans or advances as may be made

---

[1] The promissory note provides an interest rate of 0%. However, Defendant wired only $75,000 to Debtors while the note obligated them to repay $91,357.75, effectively building the interest into the principal amount.

MEMORANDUM OF DECISION - 2

>   to Trustor, successors, or assigns, when evidenced by a promissory note reciting that they are secured by this Trust Deed; and (4) the payment of all sums expended or advanced by Beneficiary under or pursuant to the terms of this agreement, together with interest as provided.

The note provides for a $1,000 penalty and reasonable attorney fees upon default. The deed of trust entitles Defendant to recover costs and fees associated with foreclosure proceedings.

Debtors paid Defendant $3,300 under the note but eventually defaulted on their obligations. After Debtors failed to repay the loan for some time, Defendant informed broker Mark Weber of his intent to foreclose on the deed of trust. Mr. Weber then emailed Mr. Randall an "Addendum to Promissory Note." Ex. 102. Mr. Weber told Mr. Randall that signing the addendum would delay the foreclosure. The addendum references the default under the promissory note and provides for an additional $89,700 fee "as a penalty due by July 16, 2024, to delay foreclosure proceedings." Mr. Randall signed the addendum, believing the delay would give him time to raise sufficient funds to repay the loan. Only Mr. Randall signed the addendum. Plaintiff did not sign it and testified she did not know it existed until after the bankruptcy filing.

Ultimately, Debtors did not secure the necessary funds to satisfy the note. Defendant recorded a notice of default in September 2024 and scheduled a trustee's sale for January 2025. The sale was stayed by Debtors' bankruptcy filing.

Plaintiff contends that the addendum is not enforceable against the Property because Mr. Randall alone signed it, and it does not relate back to the promissory note

MEMORANDUM OF DECISION - 3

she signed. Therefore, she argues, Defendant's secured claim is limited to the amounts provided for in the October 1 promissory note and deed of trust. Defendant disagrees, asserting payment under the addendum is secured by the trust deed.

**ANALYSIS**

Idaho law controls whether the addendum is secured by the lien encumbering Debtors' Property. Idaho is a community property state, and the parties do not dispute that the Property is community property. In general, a spouse may not "sell, convey or encumber the community real estate unless the other joins in executing the sale agreement, deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered." Idaho Code § 32-912. Put more simply, unless both spouses sign and acknowledge a contract to convey or encumber community real property, the contract may be void. *See New Phase Invs., LLC v. Jarvis*, 280 P.3d 710, 713 (Idaho 2012). As the Idaho Supreme Court has recognized, the purpose of section 32-912 is "the protection of the community." *Id.* (citing *Finlayson v. Waller*, 134 P.2d 1069, 1072 (Idaho 1943)). However, the requirement that both spouses sign is not absolute and "conduct from which acquiescence can be inferred may be sufficient to establish an estoppel." *Id.* at 714 (cleaned up). For example, a non-signing spouse "will be deemed to have waived the defect if his or her conduct is consistent with the existence and validity of the instrument." *Id.*

Here, there is no dispute Plaintiff signed the promissory note and deed of trust, but Plaintiff did not sign the addendum. Additionally, Plaintiff's conduct does not

MEMORANDUM OF DECISION - 4

demonstrate she acquiesced or otherwise waived the requirements of Idaho Code § 32-912. Defendant, however, argues Plaintiff consented to the addendum and the increased encumbrance on the Property when Plaintiff executed the deed of trust; therefore, it was not necessary Plaintiff execute the addendum. Defendant points to *Lowry v. Ireland Bank*, 779 P.2d 22 (Idaho Ct. App. 1989) in support.

In *Lowry*, the plaintiff and her spouse obtained a loan from a bank and executed a deed of trust to secure the note. *Id.* at 24. Sometime later, the bank loaned additional funds to plaintiff's spouse, who then executed an amended note. *Id.* The plaintiff did not sign or initial the amended note. Eventually the bank sought to foreclose on the deed of trust. The plaintiff argued that because she did not sign the amended note or approve the additional loan, that loan was not secured by the community real property. *Id.* at 26. The deed of trust executed by both spouses provided it secured payment of the original loan and "payment of all such further sums as may hereafter be loaned or advanced by the beneficiary herein to the Grantor herein, or any or either of them." *Id.* at 27. In light of this provision, the court determined that by executing the deed of trust, the plaintiff agreed that the bank could make further loans at her spouse's request and, therefore, had "consented to the additional loan, and to the commensurately increased encumbrance of the property." *Id.*

According to Defendant, the addendum is an amended promissory note, and the penalty is an additional loan or advance, secured by the deed of trust. Defendant correctly notes that the deed of trust here contains similar language to the trust deed in

MEMORANDUM OF DECISION - 5

*Lowry* in that this deed of trust secures "the payment of such additional loans or advances as may be made to Trustor, successors, or assigns."

The Court rejects Defendant's argument on two independent grounds. First, the language in this deed of trust differs slightly, but materially, from *Lowry*. Unlike the trust deed in *Lowry*, which secured loans made to "any or either" of the spouses, this deed of trust secures only loans made to "Trustor." Critically, Debtors are jointly referred to as the "Trustor" of the deed of trust. Moreover, Defendant did not make, nor does the addendum purport to make, additional loans or advances to Debtors. Instead, the addendum represents Mr. Randall's sole agreement to pay a penalty to delay foreclosure. Plaintiff did not agree Defendant could assess such a penalty with Mr. Randall's approval alone when she executed the deed of trust and, therefore, did not consent to the penalty as an encumbrance on the Property.

Second, even if the Court were to accept Defendant's position that the penalty could be construed as an additional loan or advance, the document fails to meet the deed of trust's requirements for securing such obligations. The deed of trust requires that additional loans be "evidenced by a promissory note reciting that they are secured by this Trust Deed." The addendum contains no such recital. Therefore, the $89,700 penalty is not secured by the deed of trust on the Property.

**CONCLUSION**

Finding that the addendum is not secured by the deed of trust, Defendant's secured claim is limited to the following: (1) the principal loan balance of $91,357.75, less the

MEMORANDUM OF DECISION - 6

$3,300 paid by Debtors; (2) the $1,000 penalty provided in the promissory note; and (3) the fees and costs associated with the foreclosure proceedings as permitted by the deed of trust, which the parties agree total $1,142.20.  Defendant's total secured claim is $90,199.95.  Plaintiff shall submit a proposed judgment consistent with this decision.

DATED:  October 28, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7